IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SIERRA CLUB, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION 07-0216-WS-M |
| | ) |
| DICK KEMPTHORNE, etc., et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

The second amended complaint requests the Court to order that the federal defendants withdraw the Habitat Conservation Plans ("HCP"), the Incidental Take Permits ("ITP"), and the Biological Opinion ("BO") supporting same and to enjoin any action under those documents. The second amended complaint also seeks a declaration that the final Environmental Impact Statement ("EIS") violates federal law. The second amended complaint requests remand to the agency for appropriate action, with the Court to retain jurisdiction in the interim. (Doc. 94 at 15-16).

In the wake of the Court's order granting the plaintiffs' motion for preliminary injunction, (Doc. 88), which enjoined any action under the ITPs pending resolution on the merits, the defendants filed motions for voluntary remand. (Docs. 98, 99). The parties then filed a joint stipulation to govern proceedings on and following remand, including the retention of jurisdiction by this Court pending completion of remand proceedings. (Doc. 103). The Court granted the motions for remand, in accordance with the conditions set forth in the stipulation. (Doc. 106).

The defendants have now filed a status report, which reflects that the private defendants have revised their proposed projects to such an extent that the federal defendants will take no further action on the existing HCPs and ITPs but will be required to review new HCPs, prepare a supplemental EIS, prepare a new BO, and determine the

propriety of issuing new ITPs.  (Doc. 110).

In light of these developments, the Court required the parties to address the continuing propriety of maintaining this action.  (Doc. 111).  The plaintiff responded that, upon formal withdrawal of the HCP and ITP and the application on which they were based, it would be appropriate to dissolve the preliminary injunction.  (Doc. 112).  The private defendants responded with a letter to the federal defendants "hereby withdraw[ing]" their applications.  (Doc. 113, Exhibit A).  The federal defendants responded with a letter stating that, "[i]n compliance with your request, we consider the 2007 Service-issued ITPs to be abandoned and no longer valid."  (Doc. 114, Exhibit 2).  The federal defendants characterize these documents as reflecting a "formal withdrawal and invalidation of the permits."  (Doc. 114 at 2).

Accordingly, the preliminary injunction issued May 31, 2007, (Doc. 88), is **dissolved**.  Because recent events moot the controversy,[1] this action is **dismissed** for want of jurisdiction.  *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).[2]

DONE and ORDERED this 9th day of February, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] The Court invited the plaintiffs to state its position as to whether the controversy is moot.  (Doc. 111 at 2).  The plaintiffs declined to respond.  (Doc. 112).

[2] The parties are **ordered** to retrieve, on or before **February 25, 2009**, the voluminous administrative record.